KLEIN v. BRIGHTWELL.   (No. 9158.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 8, 1919. Rehearing Denied Jan. 20, 1920.)

EVIDENCE ⊚⟞317(4)—TELEPHONE CONVERSATION WITH DEFENDANT'S SON INADMISSIBLE AS HEARSAY.

In an action for defendant's breach of contract to sell plaintiff cattle, plaintiff's testimony that he told defendant's son over the 'phone he would give a certain price, and requested that defendant be told, that there was a break in the conversation, and that the son said he had reported the offer to his father, defendant, who had accepted, was inadmissible as hearsay.

Appeal from Clay County Court; E. W. Coleman, Judge.

Action by S. M. Brightwell against Ludwig Klein. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

P. M. Stine, of Henrietta, for appellant.
Taylor, Allen & Taylor and Wantland & Parrish, all of Henrietta, for appellee.

DUNKLIN, J. Ludwig Klein, defendant in the trial court, has appealed from a judgment rendered against him upon the verdict of a jury in favor of S. M. Brightwell, plaintiff, for $375 as damages for the breach of an alleged contract of the defendant to sell plaintiff 40 head of beef cattle for $125 per head.

In support of his allegation that defendant contracted and agreed to sell the cattle for $125 per head, plaintiff testified that in a conversation over the telephone with Carl Klein, defendant's son, he told the latter that he would give defendant $125 per head for the cattle, and requested that the offer be communicated to defendant and that witness be informed whether or not defendant was willing to accept it; that there was then a break in the conversation, immediately following which the conversation over the telephone was resumed, and then Carl Klein reported to witness that he had communicated plaintiff's offer to defendant and that defendant had agreed to accept it.

The testimony was objected to by defendant on the ground that it was hearsay, and in overruling the objection the court committed reversible error. T. & P. Ry. Co. v. Felker, 44 Tex. Civ. App. 420, 99 S. W. 439.

Accordingly, the judgment is reversed, and the cause is remanded, without reference to other questions presented in appellant's brief, which will not be discussed or determined.